UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN R. ARRANT,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>V. CORTES, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No.:  22-CV-375 JLS (BGS)<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF No. 2) |

　　　　Plaintiff Melvin Arrant ("Plaintiff"), proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983 on March 18, 2022, *see* ECF No. 1 ("Compl."), together with a Motion to Proceed *in Forma Pauperis* ("IFP") ("IFP Mot.," ECF No. 2), while incarcerated at California State Prison, Los Angeles County ("LAC").  On May 2, 2022, Plaintiff also filed a Notice of Change of Address, which indicates he has since been released from custody.  *See* ECF No. 3.[1]

---

[1] The Court independently has confirmed that Plaintiff, who was also formerly identified as California Department of Corrections and Rehabilitation ("CDCR") Inmate No. K-98602, is no longer in CDCR

1

## MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  The fee is not waived for prisoners, however.  If granted leave to proceed IFP, a prisoner nevertheless remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is dismissed for other reasons.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify for IFP status, section 1915(a)(2) requires a prisoner to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of twenty percent of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. §§ 1915(b)(1), (4).  The institution having custody of the prisoner

---

custody.  *See* https://inmatelocator.cdcr.ca.gov/Results.aspx (last visited July 18, 2022); *United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); *see also Pacheco v. Diaz*, Case No. 1:19-cv-00774-SAB (PC), 2019 WL 5073594, at *2 (E.D. Cal. Sept. 4, 2019) (taking judicial notice of CDCR's Inmate Locator system); *McCoy v. Le*, No. 3:21-CV-1755-BAS-LL, 2021 WL 5449004, at *1 (S.D. Cal. Nov. 22, 2021) (same).

[2]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

then collects subsequent payments, assessed at twenty percent of the preceding month's income, in any month in which his account exceeds ten dollars, and forwards those payments to the Court until the entire filing fee is paid. *See id.* § 1915(b)(2); *Bruce*, 577 U.S. at 84.

Plaintiff was incarcerated at LAC when he filed this action; indeed, he so admits in his IFP Motion, to which he has attached a certified prison certificate of his trust account activity as reported by LAC officials. *See* IFP Mot. at 1, 4–8. Because Plaintiff was a prisoner at the time he initiated suit, Plaintiff is "required to pay the full amount of a filing fee" in order to proceed. 28 U.S.C. § 1915(b)(1).

When a prisoner, like Plaintiff, files a motion to proceed IFP that shows he is financially unable to prepay the *full* amount of the civil filing fee required by 28 U.S.C. § 1914(a), the Court typically assesses an initial partial filing fee based on the plaintiff's average inmate trust account deposits and balances over the six-month period preceding the filing of his complaint, *see* 28 U.S.C. § 1915(b)(1), and thereafter directs the "agency having custody" to forward both the initial and subsequent monthly payments required "until the filing fees are paid," *id.* § 1915(b)(2).

However, Plaintiff's interim release from custody renders 28 U.S.C. § 1915(b)'s fee collection provisions unenforceable in this case. If Plaintiff is no longer incarcerated at LAC and is no longer in the custody of any state or local correctional institution as his Notice of Change of Address indicates, *see* ECF No. 3, no inmate trust account exists from which his filing fees may be garnished and forwarded to the court. *See DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2010) (noting that, after a prisoner is released, there is "no 'prisoner's account' from which to deduct . . . payments"). "Section 1915(b)(2) provides no method of remitting payments other than by deduction from a prisoner's account, and thus it does not shed any light on how payments should be paid once that prisoner is released." *Id.*

The Ninth Circuit has yet to decide how a released prisoner who is obligated to "pay the full amount of a filing fee" under 28 U.S.C. § 1915(b)(1) may proceed IFP after he has

been released—*i.e.*, whether he must prepay the entire civil filing fee at once, whether he may proceed pursuant to some other partial fee and/or court-ordered installment payment plan, or whether his obligation to pay the fee is waived altogether or in part by virtue of his release. *See Putzer v. Attal*, No. 2:13-cv-00165-APG-CWH, 2013 WL 4519351, at *1 (D. Nev. Aug. 23, 2013) (noting the "unresolved issue within the Ninth Circuit regarding the application of the Prison Litigation Reform Act (PLRA) pauper application requirements in cases where the prisoner is released *pendente lite*, *i.e.*, during the litigation"); *see also Turner v. San Diego Cnty.*, Civil No. 14cv1965 LAB (WVG), 2014 WL 5800595, at *2–3 (S.D. Cal. Nov. 7, 2014) (noting absence of Ninth Circuit authority addressing this issue); *Patten v. Walker*, No. 1:13-cv-00346-RRB, 2015 WL 3623687, at *5 (E.D. Cal. June 9, 2015) (same).

In *Putzer*, U.S. District Judge Andrew P. Gordon canvassed published cases from other U.S. Courts of Appeals; noted a circuit split; and concluded—like the Fifth, Seventh, and District of Columbia Circuits—that, if an IFP application is filed by a prisoner, the "straightforward Congressional command in § 1915(b)(1)" requires that "full payment . . . is triggered upon the filing of the . . . complaint," regardless of "how the requirement is satisfied." 2013 WL 4519351, at *1–2 (*citing Gay v. Tex. Dep't of Corr.*, 117 F.3d 240, 241–42 (5th Cir. 1997); *In re Smith*, 114 F.3d 1247, 1251–52 (D.C. Cir. 1997); *Robbins v. Switzer*, 104 F.3d 895, 897–99 (7th Cir. 1997)).

Judge Gordon further rejected the Tenth, Fourth, Sixth, and Second Circuits' contrary conclusions in *Brown v. Eppler*, 725 F.3d 1221, 1231 n.7 (10th Cir. 2013); *DeBlasio v. Gilmore*, 315 F.3d 396, 397 (4th Cir. 2003); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1138–39 (6th Cir. 1997); and *McCann v. Commissioner, Social Security Administration*, 96 F.3d 28, 29–30 (2d Cir. 1996), all holding that section 1915(b)(1)'s full fee payment requirements do *not* continue post-release. *Putzer*, 2013 WL 4519351, at at *1–2. Instead, Judge Gordon noted that, in the Ninth Circuit, "even prior to the PLRA . . . district courts possessed authority under the non-PLRA-related provisions of § 1915 to require partial and/or installment payments." *Id*. at *2 (citing

4

22-CV-375 JLS (BGS)

*Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) ("We take this opportunity to make the apparent explicit:  Courts have discretion to impose partial filing fees under the *in forma pauperis* statute.")).

Given that, "[i]n the Ninth Circuit . . . , the district court retains the discretion to order installment payments even without the specific statutory payment mechanisms otherwise applicable when the plaintiff is incarcerated," *id.* at *2 n.2, Judge Gordon concluded, in the absence of other binding authority on point, that while "the amount of the initial partial payment and installment payments may be determined either from the plaintiff's prior inmate account balance and/or based on upon the plaintiff's post-release assets and income, . . . the fact that a different, but pre-existing method of enforcing the full-payment requirement of the statute must be utilized does not justify disregarding the Congressional command as to what is required." *Id.* at *2 (footnote omitted).

The Court finds Judge Gordon's reasoning and conclusion persuasive.  Indeed, the Southern District of California's Local Rules have long provided that, "[i]n considering a non-prisoner's request to proceed in forma pauperis, the court may, in its discretion, impose a partial filing fee which is less than the full filing fee that is required by law, but which is commensurate with the applicant's ability to pay." S.D. Cal. CivLR 3.2.d.  And, while the PLRA's amendments to section 1915(b)(1) do not permit imposition of a fee less than the "full amount" owed due to Plaintiff's status as a prisoner at the time of filing, this Court may assess, based on the financial information provided in Plaintiff's inmate trust account statements, a partial initial fee pursuant to section 1915(b)(1), and thereafter exercise its pre-PLRA discretion under *Olivares* and Local Rule 3.2.d to collect the remainder of the $350 filing fee balance, due in installments, and dependent on Plaintiff's post-release ability to pay. *See Putzer*, 2013 WL 4519351, at *3; *Olivares*, 59 F.3d at 112 (remanding fee payments to district court in order to "review [plaintiff's] present economic situation and fit a fee to the economic facts if [he] [wa]s still interested in pursuing his claim").

However, because 28 U.S.C. § 1915(b)(4) also provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has

no assets and no means by which to pay the initial filing fee," *see Taylor*, 281 F.3d at 850 (citing 28 U.S.C. § 1915(b)(4)'s "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"), and the Court does not have before it a financial affidavit reflecting Plaintiff's *current* post-incarceration income, assets, and/or ability to pay, the Court hereby **DENIES WITHOUT PREJUDICE** Plaintiff's present IFP Motion and **DIRECTS** him, should he wish to further prosecute this action, to file a supplemental application to proceed IFP that documents his current post-release income, assets, and expenses. *See* 28 U.S.C. § 1915(a); *see also Townsend v. Rendon*, Case No. 1:21-cv-01120-DAD-SAB (PC), 2022 WL 1462181, at *2 (E.D. Cal. April 1, 2022) (directing released inmate to "either pay the filing fee in full or submit a complete[d] application to proceed in forma pauperis by a non-prisoner"); *Makoni v. Downs*, Civil No. 16cv2335-AJB (WVG), 2016 WL 7210403, at *4 (S.D. Cal. Dec. 13, 2016) (denying released prisoner's initial IFP motion but granting leave to file supplemental post-release IFP motion); *Flynn v. Canlas*, Civil No. 15-cv-2115-WQH (PCL), 2015 WL 8492503, at *4 (S.D. Cal. Dec. 10, 2015) (same); *Adler v. Gonzalez*, No. 1:11-cv-1915-LJO-MJS (PC), 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015) (requiring "updated IFP application" of released prisoner because court "ha[d] before it no evidence that Plaintiff [remained] a pauper," and the "[c]ircumstances that undoubtedly contributed to his impoverishment, *i.e.*, imprisonment, no longer exist"); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (noting that "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life").

If Plaintiff elects to file a supplemental IFP motion, he is cautioned that, even if his supplemental application to proceed IFP is granted, he will nevertheless remain obligated to pay the full $350 civil filing fee required by 28 U.S.C. § 1914(a) due to his status as a prisoner at the time this action was commenced. *See* 28 U.S.C. § 1915(b)(1). His status as a prisoner at filing will also subject Plaintiff to other restrictions placed on prisoners under the PLRA. For example, Plaintiff's Complaint immediately will be subject to the

*sua sponte* screening required by 28 U.S.C. §§ 1915A(b) and 1915(e)(2) and dismissed if it is found to be frivolous, be malicious, fail to state a claim, or seek monetary relief from an immune defendant, regardless of any fees that will remain due. *See* 28 U.S.C. §§ 1915A(b)(1)–(2); *id.* § 1915(e)(2)(b); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). Such dismissal also may count as a future "strike" against Plaintiff pursuant to 28 U.S.C. § 1915(g) should he be reincarcerated. *See Andrews*, 398 F.3d at 1116 n.1 ("Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP."). In addition, Defendants may be entitled to summary judgment if they can show Plaintiff failed to exhaust all administrative remedies available to him while he was incarcerated and before he filed suit. *See* 42 U.S.C. § 1997e(a); *Williams v. Paramo*, 775 F.3d 1182, 1190–92 (9th Cir. 2015).

## CONCLUSION

In light of the foregoing, the Court:

(1) **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

(2) **DISMISSES WITHOUT PREJUDICE** this civil action for failure to prepay the filing fees required by 28 U.S.C. § 1914(a);

(3) **GRANTS** Plaintiff <u>forty-five (45) days</u> from the date of this Order in which to reopen his case by *either*: (a) prepaying the full $402 civil filing and administrative fee required by 28 U.S.C. § 1914(a) in one lump sum; or (b) filing a supplemental application to proceed IFP that includes an affidavit documenting Plaintiff's current post-release income, assets, and expenses. *See* 28 U.S.C. § 1915(a). If Plaintiff elects to reopen this action by filing a supplemental IFP application, he is cautioned that he may still be required to pay the full civil filing fee pursuant to a partial installment payment plan devised by the Court dependent on his income, regardless of whether his case is subsequently dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) or for any other reason; and

/ / /

(4) **DIRECTS** the Clerk of the Court to provide Plaintiff a blank AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

If Plaintiff chooses *not* to comply with this Order by either paying the full $402 civil filing and administrative fee in one lump sum or submitting a completed AO 239 supplemental IFP application within forty-five (45) days of the date of this Order, this civil action will remain dismissed without prejudice and without further order of the Court based on Plaintiff's failure to comply with 28 U.S.C. § 1914(a).

**IT IS SO ORDERED.**

Dated: August 18, 2022

Hon. Janis L. Sammartino
United States District Judge